IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No:     3:20-586 |
| | 18 U.S.C. § 371 |
| | 18 U.S.C. § 1347 |
| v. | 42 U.S.C. § 1320a-7b(b) |
| JEFFREY HOFFMAN | **INFORMATION** |

COUNT 1
(Conspiracy to Defraud the United States)

THE UNITED STATES ATTORNEY CHARGES:

1.  The Defendant, JEFFREY HOFFMAN, and others defrauded the United States, Medicare, and Medicare beneficiaries through a fraudulent kickback scheme that placed profit over care.

Conspiracy

2.  From at least in or around September 2017, and continuing up to December 2019, in the District of South Carolina and elsewhere, the Defendant and others knowingly and intentionally combined, conspired, confederated, agreed, and had a tacit understanding to:

    a. knowingly defraud the United States by impairing, obstructing and defeating, and attempting to impair, obstruct, and defeat the lawful functions of the United States Department of Health and Human Services "hereinafter DHHS;"

    b. knowingly and willfully devised a scheme and artifice to defraud health care programs and to obtain by means of false and fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health

care benefit program, in violation of Title 18, United States Code, Section 1347;

c. knowingly offering and paying remuneration, including kickbacks, directly and indirectly, overtly and covertly, in cash and in kind, to any person to induce a person to refer an individual to a person for the furnishing and arranging for the furnishing of any item or service for which payment may be made in whole and in part under a Federal health care program, that is, Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A);

d. knowingly offering and paying remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to any person to induce such person to purchase, and arrange for and recommend purchasing and ordering any good, for which payment may be made in whole and in part under a Federal health care program, that is, Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B).

## Purpose of the Conspiracy

19. It was the purpose of the conspiracy for the Defendant, JEFFREY HOFFMAN, and others to enrich themselves and maximize profits at the expense of the United States and patients by participating in the following scheme.

## Manner and Means of the Conspiracy

20. The manner and means of the conspiracy operated substantially as follows and include, but were not limited to:

a. The Defendant contracted through a telemedicine company;

b. The telemedicine company contracted with a marketing company that provided genetic testing companies signed requisitions authorizing tests for Medicare beneficiaries

(and at times provided durable medical equipment companies signed prescriptions for Medicare beneficiaries);

c. The telemedicine company would be provided information of a Medicare beneficiary who had been contacted by the marketing company regarding a test or who had filled out a screening form;

d. The Defendant would be provided answered intake clinical summaries from the telemedicine company;

e. The Defendant would often sign requisitions and supporting clinical summaries of Medicare beneficiaries whom the Defendant did not have patient/healthcare professional relationship, and the Defendant would sign requisitions without ever speaking to, examining, or following up with, the patients; and

f. The requisitions would be used to bill Medicare for items without medical determinations of necessity, solely based upon what an intake screener entered onto a form.

## Overt Acts

21. In furtherance of the conspiracy and to effect the conspiracy, the following overt acts, among others, were committed in the District of South Carolina and elsewhere:

a. On or about August 22, 2019, the Defendant, who is a licensed physician in the District of South Carolina, signed a requisition for genetic testing based on information received from a screening form for Medicare beneficiary L.P. completed by non-medical personnel. The Defendant never spoke with or otherwise examined L.P., nor did the Defendant have any prior patient/healthcare professional relationship with L.P.;

b. On or about August 2019, the Defendant was paid for signing the requisition for genetic testing by or through the telemedicine company;

c. On or about October 3, 2019, a laboratory located in the District of South Carolina billed Medicare $15,100 for gene analysis and molecular pathology testing, for L.P.; and

d. At no point since signing the requisition on or about August 2019, did the Defendant follow-up, or otherwise have any direct or indirect contact, with L.P.

All in violation of Title 18, United States Code, Section 371.

_____
PETER M. MCCOY, JR. (JHM, DAS)
UNITED STATES ATTORNEY